No. 3971

Second Circuit

—

TERREBONNE v. ABERNATHY

—

(July 14, 1931. Opinion and Decree.)
(October 1, 1931. Rehearing Refused.)

—

C. L. Wise, of Morgan City, attorney for plaintiff, appellee.

C. A. Blanchard, of Morgan City, attorney for defendant, appellant.

WEBB, J. Plaintiff, R. J. Terrebonne, under a contract with the Louisiana Highway Commission, constructed a highway in the parish of Concordia; and defendant, O. L. Abernathy, claiming that Terrebonne was indebted to him in the sum of one thousand dollars for services rendered in constructing the highway, filed and had a sworn statement of the amount claimed recorded in the office of the recorder of mortgages of said parish, and notice of same served on the Louisiana Highway Commission, asserting the right to be paid by preference from the amount due plaintiff, as provided by Act No. 224 of 1918.

In the present action plaintiff alleged that he was not indebted to defendant in any amount whatsoever and that the affidavit had been filed and recorded by defendant merely for the purpose of harassing and annoying plaintiff; that the Louisiana Highway Commission was ready to settle with plaintiff for the balance due on the contract, but was prevented from doing so by reason of the action of defendant, and plaintiff prayed for judgment against defendant ordering the affidavit canceled and erased from the mortgage records.

Defendant answered admitting that he filed and had the affidavit recorded, and alleged in substance that plaintiff had employed him to superintend the work of constructing the road at a salary of $200 per month, and that the amount claimed in the affidavit was due for five months' salary; and he prayed for judgment against plaintiff accordingly.

On trial, judgment was rendered in favor of plaintiff, rejecting defendant's demand, and ordering the cancelation and erasure of the affidavit from the mortgage records; and defendant appeals.

The evidence shows that there was an agreement between the parties in which defendant was to superintend the work which was to be financed by plaintiff, including the personal expenses of defendant, who was to receive one-half of the profits. It is

conceded that there were not any profits, and while the testimony of the parties is conflicting relative to whether plaintiff agreed to pay defendant any fixed amount for his personal expenses, the record shows that during the period defendant was engaged in the work that the payrolls submitted by him included amounts for his personal expenses which were paid by plaintiff, and there was not any demand made for payment of other expenses by defendant until some time after defendant left the work, and there was not any proof showing that defendant had incurred other expenses. The circumstances, we think, support plaintiff's contention, and from our review of the record we are satisfied that there was not any agreement that defendant would be paid any specific amount for personal expenses, and that plaintiff paid defendant all expenses incurred by him, and that plaintiff was not indebted to defendant in any amount.

The judgment is therefore affirmed at defendant's cost.